IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Raheem Dunbar,<br><br>        Plaintiff,<br>v.<br><br>Family Dollar Stores of South Carolina, LLC,<br>John Doe Family Dollar Store Manager/Employee,<br><br>        Defendants. | CIVIL ACTION NO. 1:18-971-JMC-PJG<br><br>**NOTICE OF REMOVAL** |

**TO:    The Honorable United States District Court for the District of South Carolina, Aiken Division**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Family Dollar Stores of South Carolina, LLC and John Doe Family Dollar Store Manager/Employee (hereinafter referred to as "Family Dollar") file this Notice of Removal removing this action from the Court of Common Pleas of Allendale County, South Carolina. The grounds for removing this action are as follows:

**THE COMPLAINT**

1.    On March 14, 2018, the plaintiff, Raheem Dunbar, (hereinafter "Plaintiff") commenced a civil action in the Court of Common Pleas of Allendale County, South Carolina. Family Dollar was served with a copy the Complaint on March 29, 2018. A true and correct copy of the Complaint is attached to this Notice of Removal as **Exhibit 1**.

2.    This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is filed within thirty (30) days from the date on which Family Dollar was first served with the Summons and Complaint.

3.  The Complaint asserts various state-law causes of action and claims for relief against Family Dollar purportedly arising out of Plaintiff's visit to a Family Dollar retail store location on or about June 15, 2017.

## **GROUNDS FOR REMOVAL**

4.  The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

5.  Plaintiff is a citizen and resident of Allendale County, South Carolina. *See* **Exhibit 1, ¶1**.

6.  By Certificate of Entity Conversion issued January 27, 2016 by the State Corporation Commission of the Commonwealth of Virginia, Family Dollar Stores of South Carolina, Inc. was merged and converted into the limited-liability company Family Dollar Stores of South Carolina, LLC. *See* **Exhibit 2.**

7.  Citizenship for diversity jurisdiction purposes is determined at the time the action is commenced. *See* Athena Auto, Inc. v. DiGregorio, 166 F.3d 288 (4th Cir. 1999).

8.  For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its members. *See* Jennings v. HCR ManorCare, Inc., 901 F. Supp. 2d 649 (D.S.C. 2012).

9.  The sole member of Family Dollar Stores, LLC, is Family Dollar Stores, Inc. Family Dollar Stores, Inc. is incorporated in the State of Delaware and maintains its principal place of business in North Carolina. Therefore, it is a citizen of the State of North Carolina and the State of Delaware. *See* **Exhibit 3**.

10. Because the sole member of Family Dollar Stores of South Carolina, LLC is a citizen of the State of North Carolina and the State of Delaware, Family Dollar Stores of South Carolina, LLC is also thereby a citizen of the State of North Carolina and the State of Delaware.

11. Pursuant to 28 U.S.C. § 1441(b)(1), "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."

12. Therefore, the citizenship of Defendant "John Doe Family Dollar Store Manager/Employee" must be disregarded in determining whether complete diversity of citizenship exists amongst the parties to this suit for removal purposes.

13. Since Plaintiff is a citizen of South Carolina, and Family Dollar is a citizen of North Carolina and Delaware, complete diversity exists amongst the parties

14. The amount-in-controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of Plaintiff's Complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

15. In determining whether the claims in the Complaint meet the jurisdictional amount, the district court may make reasonable deductions, inferences, or other extrapolations from the pleadings to determine whether it is apparent that a case is removable. *See* <u>Francis v. Allstate Ins. Co.</u>, 709 F.3d 362, 368 (4th Cir. 2013) (affirming district court's use of "experience and common sense" to conclude that the amount-in-controversy requirement was satisfied). Put simply, a district court determining the amount in controversy "'is not required to leave its common sense behind.'" <u>Hamilton v. Ocwen Loan Servicing, LLC</u>, No. 9:12–cv–03111–PMD, 2013 WL 499159, at *5 (D.S.C. Feb. 7, 2013) (*quoting* <u>Crosby v. CVS Pharmacy, Inc.</u>, 409 F. Supp. 2d 665, 668 (D.S.C. 2005)).

16. In this case, satisfaction of the amount in controversy is apparent from the allegations in Plaintiff's Complaint. Plaintiff is seeking recovery of damages related to "great harm and injury" in both the past and future "including but not limited to mental anguish, emotional distress, anxiety, humiliation, embarrassment, harm to reputation, and frustration." *See* **Exhibit 1, ¶ 7**. While Family Dollar denies any wrongdoing, the allegations of injuries and damages sought in the Complaint are substantial and have resulted in judgments and demands in excess of $75,000 in other cases in the past. Therefore, the jurisdictional amount is satisfied.

17. In addition to the claims for compensatory damages, Plaintiff seeks punitive damages against Family Dollar. *See* **Exhibit 1, Prayer for Relief beginning with "Wherefore."** While Plaintiff's claims for compensatory damages themselves show the jurisdictional amount is apparent, it is well settled the punitive damages sought by Plaintiff must also be considered in any calculation of the amount in controversy. *See, e.g.*, R.L. Jordan Oil Co. of North Carolina, Inc. v. Boardman Petroleum, 23 Fed. Appx. 141, 145 n.3 (4th Cir. 2001) ("When calculating the amount in controversy, the district court should consider any special or punitive damages."); Am. Health & Life Ins. Co. v. Heyward, 272 F. Supp. 2d 578, 581 (D.S.C. 2003) (holding that claims for punitive damages "must be included in the calculation of the amount in controversy"). While Family Dollar denies Plaintiff is entitled to an award of punitive or compensatory damages, the Court should infer from Plaintiff's request for punitive damages that Plaintiff is seeking greater recovery than if he was merely seeking compensation for alleged injuries. Woodward v. Newcourt Comm. Fin. Corp., 60 F. Supp. 2d 530, 532 (D.S.C. 1999) (holding that "[plaintiff's] claim for punitive damages alone makes it virtually impossible to say that the claim is for less than the jurisdictional amount"). In all, the allegations of the Complaint make clear that

Plaintiff's claim for punitive damages, together with his claims for compensatory damages, seeks an amount in excess of $75,000.

18. Accordingly, the record and case law establish that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

19. This Notice of Removal complies with the requirements of 28 U.S.C. §§ 1441 and 1446, and has been timely filed within thirty (30) days of service of the Complaint upon Family Dollar.

20. The Aiken Division of the United States District Court for the District of South Carolina is the proper venue because it is the "district and division" embracing Allendale County.  *See* 28 U.S.C. §§ 1441(a), 121(4).

21. Family Dollar submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

WHEREFORE, Family Dollar prays the above action now pending against it in the Court of Common Pleas for Allendale County, South Carolina, be removed therefrom to this Court, that this Court exercise jurisdiction over this action, and that this Court grant such other further relief as this Court deems just and necessary.

*[Signature on following page]*

Respectfully Submitted,

Greenville, South Carolina      By:    s/ *Robert D. Corney*
Dated: April 10, 2018                 Ronald K. Wray, II (Fed. Bar No. 5673)
                                           Robert D. Corney (Fed. Bar No. 11626)
                                           GALLIVAN, WHITE & BOYD, P.A.
                                           P.O. Box 10589
                                           Greenville, South Carolina 29603
                                           Telephone: (864) 271-9580
                                           Fax: (864) 271-7502
                                           rwray@gwblawfirm.com
                                           rcorney@gwblawfirm.com

                                           **Attorneys for Family Dollar Stores of South Carolina, LLC and John Doe Family Dollar Store Manager/Employee**